CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

October 30, 2025

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DONALD WAYNE BARKSDALE, ) | |
|     Plaintiff, ) | Civil Action No. 7:25cv00702 |
| ) | |
| v. ) | OPINION and ORDER |
| ) | |
| CHADWICK S. DOTSON, et al., ) | By: Robert S. Ballou |
|     Defendants. ) | United States District Judge |

Plaintiff Donald Wayne Barksdale, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983, purporting to be a class action against the defendants on behalf of other named plaintiffs, alleging constructive fraud and deprivation of inalienable rights to liberty, contract, and due process of law; deliberate indifference to life, safety, and well-being and deprivation of access to personal mail, court, and religious material; and deprivation of the right to petition the government for redress and conspiracy to deprive them of their rights.

Barksdale is the only plaintiff who signed the petition. Under FED. R. CIV. P. Rule 11(a), a party who is unrepresented by counsel must personally sign a pleading. As an incarcerated layman, unassisted by a licensed lawyer, Barksdale cannot represent other prisoners in a class action. *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). Further, Barksdale did not pay the applicable filing fee, and court records indicate that he has had at least three prior actions dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Therefore, under the three strikes provision of the Prison Litigation Reform Act, Barksdale may

---

[1] *See Barksdale v. Virginia Parole Bd.*, No. 7:24cv00236 (W.D. Va. March 31, 2025) (dismissing case as frivolous); *Barksdale v. Goodwyn*, No. 7:24cv00689 (W.D. Va. April 21, 2025) (dismissing case as frivolous and as seeking compensation from defendants who are immune from suit); *Barksdale v. Youngkin*, No. 7:25cv00084 (W.D. Va. April 21, 2025) (dismissing case as frivolous and as seeking compensation from defendants who are immune from suit); and *Barksdale v. County of Grayson*, No. 7:25cv00196 (W.D. Va. April 21, 2025) (dismissing case as frivolous and as seeking compensation from defendants who are immune from suit).

not proceed with this action unless he either prepays the entire filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The "imminent danger" exception to the three-strikes rule "must be construed narrowly and applied only for genuine emergencies, where time is pressing and a threat is real and proximate to the alleged official misconduct." *Foster v. McMaster*, No. 7:21-2910-TMC-MHC, 2021 WL 6494771, at *3 (D.S.C. Sept. 27, 2021) (internal quotations and citations omitted). In the only claim that could potentially raise an issue of physical harm, Barksdale alleges that the Individual and Pod Incentive Program, by punishing the entire unit if one prisoner breaks certain prison rules, "can and will" lead inmates to attack each other, resulting in death and/or serious bodily injury. This is nothing more than speculation by Barksdale, and speculative or conclusory allegations are not sufficient to invoke the exception to the three-strikes rule. *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006). Further, such action by one inmate against another would not be misconduct by a state official.

Because he has not prepaid the required filing fee nor demonstrated that he is "under imminent danger of serious physical injury," his complaint is **DISMISSED without prejudice** and **STRICKEN** from the active docket of this court.

The Clerk shall send a copy of this opinion and order to Mr. Barksdale.

Enter:  October 29, 2025

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge